Good morning. May it please the court. Kara Hartzler on behalf of Mr. Espudo and Mr. Grotto. I'll begin with a question that the court asked us to address. Whether the defendant's guilty pleas foreclose a collateral attack in light of the Supreme Court's decision in class and the Seventh Circuit's decision in Davila. Class controls this case dead on. And the reason is because both in class and here the person pleaded guilty and then they made a constitutional challenge to the statute of conviction. Class said in those circumstances a guilty plea is not foreclosed. That's exactly what we have here. So that resolves the question. And in fact, as we pointed out in our 28J, at least three other circuit courts have held post-class that class applies to similar circumstances. The only thing that I think could run askew of this is Davila. And there's several reasons why Davila is no longer good law after class. First of all, Davila predated class by at least two years. And in Davila, basically what Judge Easterbrook said is that the question of whether a person can go ahead and bring a challenge after a guilty plea turns on whether the district court originally had subject matter jurisdiction. Class found that that is actually not the correct analysis. Basically what class said is the analysis turns on whether the person could be convicted. So it's not a matter of whether there was initially subject matter jurisdiction. It's a matter of if you look at the indictment and the record on its face, is it possible that the person could be constitutionally convicted? And that's why Davila doesn't control here. Because if you used Davila's reasoning in class, class would have come out the other way. Are you really challenging the constitutionality of the statute of conviction or more the underlying predicate offenses for which would enhance the sentence of your client? We're challenging the residual clause of 924C. And I think that that's what we're raising the constitutional challenge through, through our 2225. Just like in class where he raised a due process challenge and second amendment challenge to the statute of conviction. So that's why we think that these cases are the same. I've been wondering whether we even need to get to the residuary clause because it looked to me like treating the count to which he pled guilty and the colloquies that he had, or the colloquy that he had, it sounded like he was tying his guilty plea directly to its being a drug crime. And the judge was tying it directly to being a drug crime. And if so, it doesn't need to be a crime of violence. So Your Honor, Your Honor is correct that the indictment charged that the 924C rested on both a crime of violence and a drug trafficking crime. That's what the indictment said. I'm not just going on the conjunctive phrasing because I know you can charge in the conjunctive and prove in the disjunctive. That's right. What I'm talking about is taken together with the rest of the indictment and the guilty plea to the individual count, whether he was admitting that what the gun was used for was in connection to the drug conspiracy. So, Your Honor, we don't think that that's possible. We think that it can only relate to the crime of violence as both a question of law and a question of fact. As a question of law, it can't be, 924C can't rest on both a drug trafficking offense and a crime of violence because that would violate the plain language of the statute, the jury instructions, and the rule of duplicity. Explain that. Give it another sentence or two. I don't see why. Why it can't rest on both? Because it would create two different offenses. In other words, in this case, what would have been proper if it was going to rest on both? How were they creating two different offenses? Because there would be a 924C that rested on the drug trafficking offense and then a 924C that rested on the crime of violence. Would it be duplicitous if the charge and sentence was designed so that he would have an increased sentence because it connected to both? But I don't see where that would matter here. Well, Your Honor, I think basically the indictment charged two separate offenses. That's why it was duplicitous. It charged a 924C that related to a drug trafficking offense, and then it also charged a 924C that related to a crime of violence. That's why the indictment was duplicitous. Because it was both in one count, the court has to pick. It can't be both. No, but it was the same firearm. It was the same firearm. But, Your Honor, I would point this court to the Eleventh Circuit's decision in Gomez. And there was the exact same situation where there was basically a series of incidents, a series of offenses, and the court below had said, no, this can't satisfy Johnson because a 924C could rest on both of them. And the Eleventh Circuit said no. That would create a problem of duplicity. So when we're looking at which type of offense, a crime of violence or a drug trafficking crime, that the 924C rested on, you can't have one count that relies on both. And so I think that Gomez is the best authority on that. What about the point that Judge Kleinfeld had raised about what he admitted in the plea colloquy? I mean, Escudo admitted that in November of 2011 he directs various associates to rob a drug dealer that failed to pay the tax owed to the Mexican mafia. Right. In that clear from the plea colloquy that this was in relation to a drug trafficking crime. But if you look at that, what he admitted, the key thing he admitted was the robbery. And, granted, the robbery was of a drug dealer, but the robbery was the key thing. And if I could just read to the court from the matter that it would be the key thing as long as it's connected to a drug trafficking crime. And I think that if this were only about a drug trafficking crime, they'd be right. But it can't be both. It can't be a crime of violence or drug trafficking. And that's the key. Why can't it be both? Because it would violate the language of the statute. It would violate the jury instructions. What's your best case that says that? Well, Gomez, I think, would, the 11th Circuit case. There's also a case that the government cited called Smith. And, basically, it said, look, you can't have one count where 924C is supposed to be resting on both a drug trafficking offense and a crime of violence. Well, why can't we read this record as resting on the drug offense, then? Because it's all in connection with the criminal enterprise, right? Because both of these individuals were in charge of collecting the taxes, and it was the failure to appropriately meet the tax that then caused them to, in one instance, do this robbery in connection with that kind of retaliation. In the other one, actually confronting the drug dealer. So it's connected to the drug deal. And you're saying, well, you can't look at it both as a robbery and a drug trafficking offense. So why can't we just focus on the drug trafficking offense nature of the conspiracy? So I think the court is bound by not anything in the record that related to anything other than the factual basis. The factual basis, what Mr. Espudo and Mr. Grotto admitted, is what controls. And I'm going to read from ER 242. This is from Mr. Espudo's. And what the prosecutor said was, he did aid and abet, command, induce, or order such robbery to occur. And then Mr. Espudo says, in that respect, yes, I'm guilty of that, what he just said. That only related to a robbery. It didn't relate to a drug trafficking offense. And when you look at Mr. Grotto's, the same thing applies. Basically, the overarching factual basis was that there was a robbery. And the other most important thing is that that robbery already took place after the drugs had already been delivered. In other words, the drug transaction had happened. The robberies would never have even taken place if it weren't all in enforcement of their drug trafficking activity. I mean, that's arguable. But, again, I think we are really bound by the factual basis. And the factual basis hinged on the robbery, and the robbery took place after any sort of drug transaction occurred. Because of that, and because you can only have it rely on the drug trafficking offense or the crime of violence, we are in a situation where it has to be the crime of violence, and the crime of violence would be the RICO conspiracy, which only relates to the residual clause. And if the Court would allow, I'll save the remainder of my time. All right. Thank you. Thank you. Let's hear from the government. Good morning, Your Honors, and may it please the Court, Helen Hong on behalf of the United States. We'd agree with the Court's instincts that suggest that Mr. Espudo and Mr. Grotto both pled guilty to a 924C offense that rested on both a drug trafficking crime as well as a crime of violence. Could you address the concern that your colleague raised about whether we would be interpreting the charge as duplicitous if we went the way you suggest? It's not duplicitous. Tell us the authority. The analysis in Vichy-Vongsa, which is the Tenth Circuit case. In what? In Vichy-Vongsa. It's the Tenth Circuit case that we cited to in our answering brief. It's an 819F3-260 from the Sixth Circuit. Rents, the Tenth Circuit case, 777F3-1105. And tier 10 from the Seventh Circuit, 739F3-1032. All of those cases discuss sort of a corollary to what we have here, which is whether it would be multiplicitous to charge the same use or brandishing or discharge of a firearm in multiple counts in connection with the simultaneous furtherance of multiple crimes. And each of those courts concluded that it would be multiplicitous because the unit of prosecution in 924C is the actual discharge or brandishing. And as a result, it's not duplicitous because for a charge to be duplicitous, that means we are charging two crimes in one count. There's just one crime contained in counts 11 and 12 that are at issue here. And that one crime is the brandishing or the discharge of a firearm, which happens to simultaneously further two separate crimes. That's not a duplicity issue. But even if it were, what this court's precedents teach is that duplicity can be cured through admissions or special verdicts. What we have in the plea agreement or the plea colloquy is the equivalent of a special verdict where a jury would have found that the brandishing and discharge was connected to both a crime of violence and a drug trafficking offense. And for the reasons your honors have already identified, I'll start with Mr. Espudo. The factual basis certainly showed that his brandishing of a firearm was in connection with a drug trafficking offense. What we have at ERs 253, 256, 257, and 258 are admissions that showed that his very participation in the conspiracy to distribute narcotics was as a result of his taxation program. Mr. Espudo imposed taxes on drug dealers, which caused them to raise their drug prices, through which he received tax payments. The offense that he pled to in 924C was for robbing a drug dealer who failed to pay taxes owed to Mr. Espudo. How do you distinguish the 11th Circuit Gomez case that opposing counsel relies on as her authority? I think there's two answers to that. First, Gomez did not really sort of analyze in the way that the 6th, 7th, and 10th Circuits did what the unit of prosecution should be. It almost is a passing remark that having two separate crimes makes it duplicitous, when a clear analysis of the statute shows it's not because it's really in the use of the firearm that's the actus reus of the statute itself. But second, the analysis in Gomez that discusses the problem and the strain of duplicity there was that there were potentially multiple uses of firearms in connection with multiple crimes that were not connected in the way that we have here. The RICO conspiracy was the drug conspiracy, I mean, for all intents and purposes. The RICO conspiracy that Mr. Espudo led was one where drug distribution occurred and he collected tax payments through robbery, through violence. The sort of core of the offense was the distribution of narcotics. And the 924C offense here was during and in relation to that drug trafficking offense. All that's required under the Supreme Court's precedence for during and in relation to is that it facilitated or had the potential to facilitate the offense, meaning that the involvement of the firearm was not the result of accident or coincidence. That is precisely what we have here. Mr. Grotto's factual basis is the same. What we have are admissions that Mr. Grotto collected taxes. That's at ER 245. He admitted that he distributed drugs at ER 246. And importantly, he admitted that the overt acts contained at paragraphs 337 to 344, which is contained in ER 216 to 217, that those overt acts were true. What those overt acts established is that Mr. Grotto had agreed to distribute methamphetamine and had sent one of his associates to go collect that methamphetamine. When they learned they had been shorted of the methamphetamine that they intended to distribute, so it was part of the conspiracy to distribute narcotics, they went and confronted the drug dealer where the discharge of the firearm occurred and the drug dealer was shot. The drug dealer was shot, right? Exactly. Your Honor, all of that was during and in relation to the conspiracy to distribute narcotics. So as a factual matter, we believe the record clearly shows that the offense rested on a drug trafficking offense. And then as a legal matter, we don't believe there's any duplicity issue at all. But even if there were, in the context of the plea we have here as well as on habeas, that strain of duplicity isn't an issue because we had one discharge and one brandishing that happened to further both crimes. If I understand your response, what happened that's undisputed was a co-conspirator at the appellant's direction shot a drug dealer for shorting him. The goal was to get the money and to further the conspiracy by making sure that the subordinate dealers don't short the conspiracy. Correct, Your Honor. The problem of what he was charged with in 924 is shooting the drug dealer rather than dealing drugs. 924-C, yes, for Mr. Grotto. That's correct. Okay, I got it now. Mr. Grotto shot a drug dealer himself, right? And then Mr. Spuda was the one who wasn't there but then ordered an associate to go confront the dealer? Yes, Your Honor. Mr. Spuda was the one who aided and abetted the brandishing of the firearm to collect taxes from a drug dealer who refused to pay. Mr. Grotto was the one who actually confronted the drug dealer, and whether he personally discharged the firearm or his associate did, that was not established during the plea colloquy, but either way either I had aided and abetted the discharge of the firearm or personally discharged it in connection with a drug dealer that had shorted the methamphetamine that they had intended to distribute to others. Again, that was during and in relation to a drug trafficking offense. Of course, these things all go to the mayors. I guess you concede the defense counsel's point that class, the Supreme Court decision last year, allows them to at least make this argument as opposed to having waived it by pleading guilty? Your Honor, I'll just say that none of the cases that Ms. Hertzler cited apply class in the context of a habeas proceeding. Ordinarily what we know for habeas is that once you've pled guilty to an offense, the only challenge you can bring is to the voluntariness or to the knowingness of the plea itself. Blackledge and MENA, the two cases described and discussed in class, sort of are an exception, which is whether there's a right not to be hailed into court at all. I haven't seen class extended in the habeas context, but if class were and the language suggests that it is similar to or akin to a blackledge claim, that those classes of claims can be raised on habeas. And so if that's the case, then WLA would have been overturned by class and the petitioner would be able to raise that on habeas here. You're sort of semi-conceding we probably have to get to the merits of this case. I would suggest we never raised the waiver issue before the district court or in our opening briefs. The court doesn't have to address whether in the first instance class actually does extend to the habeas context because we've essentially waived waiver in this situation. Fair enough. Thank you. And if we get to the merits and if we agree with the government that the 924C was no need to address the residual clause? No, Your Honor. And of course, if the court were inclined to wait to address the residual clause and the Supreme Court has taken up Davis to determine whether the categorical approach or a case-specific approach would apply anyway. All right. Thank you, Your Honor. Thank you, Counsel. Just briefly on the class argument, I would point out that blackledge itself was a habeas case. And this court has, in fact, applied the blackledge-mena doctrine numerous times in the habeas case. I'd be glad to do a 28-J if that would be helpful. But as to the issue of- They conceded. Yeah. That's why I don't want to spend a lot of time on it. Here's the one most important reason why a 924C count can't be supported by both a drug trafficking offense and a crime of violence. There are hundreds if not thousands of cases out there where the government in the past has used the same counts as part of the same incidents to charge two 924C offenses. And if the court holds what the government is asking it to hold, basically the court is going to be giving hundreds if not thousands of people the opportunity to do a habeas, saying, oh, they weren't allowed to actually bring a separate 924C count on this other count that I was charged of. So I think that's a very important thing that the court needs to think of. And because we also believe, as we said before, that as a factual matter, this relies on the robbery rather than the drug trafficking offense, which occurred before, we believe that Mr. Espudo and Mr. Grotto are eligible for relief. Thank you. Thank you very much, counsel, to both sides. These cases are submitted for decision by the court.
judges: Gilman, Kleinfeld, Nguyen